# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ALBANY DIVISION

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **STRATUS GROUP, INC.,** *et al.,*[1] | ) | **Case No. 08-11096 (JDW)** |
| | ) | |
| **Debtors.** | ) | **Jointly Administered** |
| | ) | |

## NOTICE OF CONFIRMATION OF PLAN, OCCURRENCE OF THE EFFECTIVE DATE OF THE PLAN, AND VARIOUS DEADLINES

**PLEASE TAKE NOTICE** that on November 26, 2008, the United States Bankruptcy Court for the Northern District of Georgia entered the Findings of Fact, Conclusions of Law and Order (the "Confirmation Order") confirming the Debtors' First Amended and Restated Consolidated Plan of Reorganization dated October 16, 2008 (as amended, the "Plan") filed by debtors and debtors-in-possession Stratus Group, Inc., Freeway Auto Credit, LLC, Stratus Holdings Group of Florida LLC and Stratus Group Equipment, LLC (collectively, the "Debtors"). Capitalized terms that are used but not defined in this Notice shall have the meanings ascribed to such terms in the Plan.

**PLEASE TAKE FURTHER NOTICE** that copies of the Confirmation Order and the Plan may be obtained at the Office of the Clerk of the United States Bankruptcy Court for the Middle District of Georgia, 433 Cherry Street, Macon, Georgia, during regular business hours or on the Court's PACER web site, https://ecf.gamb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Plan, the automatic stay of Section 362 of the Bankruptcy Code and in existence on the date of the confirmation of the Plan shall continue in full force and effect until the Consummation Date of the Plan and the Debtors and the Estates shall be entitled to all of the protections afforded thereby, all in accordance with the Plan;

**PLEASE TAKE FURTHER NOTICE** that the Effective Date of the Plan occurred on December 5, 2008.

**NOTICE IS FURTHER GIVEN THAT** the Confirmation Order provides, among other things, the following deadlines:

a. **Administrative Claims Bar Date**: Any Person holding a claim for payment of an administrative expense of a kind specified in Section 503(b) or 1114(e)(2) of the Bankruptcy Code and entitled to priority pursuant to Section 507(a)(1) of the Bankruptcy Code (an

---

[1] In addition to Stratus Group, Inc., the following entities are debtors in possession in these jointly administered Chapter 11 Cases: Freeway Auto Credit, LLC, Stratus Holdings Group of Florida, LLC, and Stratus Group Equipment, LLC.

"Administrative Claim"), other than a Professional Fee Claim, and who has not previously filed a request for payment of such Administrative Claim, must file a request for payment of such Administrative Claim with the United States Bankruptcy Court for the Middle District of Georgia, 433 Cherry Street, Macon, Georgia, 31202; with a copy to Ian Ratner, as Liquidating Agent for Stratus Group Companies, c/o GlassRatner Advisory & Capital Group LLC, 3391 Peachtree Road, Suite 110, Atlanta, Georgia 30326, within thirty (30) days after the date of this Notice.  Any person who fails to timely file and serve a request for payment of an Administrative Claim with the Court will be **FOREVER BARRED** from seeking payment of such Administrative Claim by the Debtors, the Consolidated Debtor, and their respective Estates.

   b.    **Professional Compensation**:  Any Person holding a Professional Fee Claim must file a final application with the Bankruptcy Court for allowance of Professional Fee Claim for services rendered and reimbursement of expenses incurred through the Effective Date within sixty (60) days after the Effective Date of the Plan or by such other deadlines as may be fixed by the Bankruptcy Court.  Any such person who fails to file a timely application with the Bankruptcy Court will be forever barred from seeking such compensation from the Debtors, the Consolidated Debtor and their Estates.

   c.    **Rejection Damage Claims/Cure Claim Objection Bar Date**:  Any holder of a Claim arising out of the rejection of any executory contract or unexpired lease, whether rejected pursuant to the Plan or pursuant to any other order of the Court, must file a proof of claim with Court at the address specified in paragraph (a) above within thirty (30) days after the Effective Date.  Any person seeking to assert such a Claim who fails to file a proof of claim within the period set forth above will be deemed to have waived said Claim, and it will be forever barred. Any objections with respect to "cure" costs arising from the assumption of executory contracts or unexpired leases under the Plan must be filed within 30 days of the Effective Date, and any objections that are not filed within such 30-day period shall be deemed waived.

   Dated:  December 10, 2008